UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:15-cv-21821-KMW

CARMEN ELENA FRANCO MORALES
and all others similarly situated under 29
U.S.C. 216(b),

    Plaintiff,

v.

AVENTURA'S FINEST HAND
CARWASH, L.L.C., GUILLERMO
FREILE, EMILIO GARCIA LOURDES,

    Defendants.
_____/

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendants, AVENTURA'S FINEST HAND CARWASH, L.L.C., GUILLERMO FREILE and EMILIO GARCIA LOURDES, by and through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

1. Admitted that the Complaint alleges a cause of action under the Fair Labor Standards Act 29 U.S.C. §§201-216.

2. Defendants are without knowledge as to the truthfulness or accuracy of the allegation contained in this Paragraph, but presume it to be true, for jurisdiction and venue purposes only.

3. Admitted that AVENTURA'S FINEST HAND CARWASH, L.L.C. is a limited liability company located within Dade County, Florida. Denied that the Defendant company was "the FLSA employer" of Plaintiff.

4. Admitted that GUILLERMO FREILE is a corporate officer and/or owner and/or manager of AVENTURA'S FINEST HAND CARWASH, L.L.C. who ran the day-to-day

operations of AVENTURA'S FINEST HAND CARWASH, L.L.C. for the relevant time period. All other allegations are denied.

5. Admitted that EMILIO GARCIA LOURDES is a corporate officer and/or owner and/or manager of AVENTURA'S FINEST HAND CARWASH, L.L.C. who ran the day-to-day operations of AVENTURA'S FINEST HAND CARWASH, L.L.C. for the relevant time period. All other allegations are denied.

6. Denied that any acts or omissions capable of giving rise to an FLSA dispute took place.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATIONS

7. Admitted that the Complaint alleges violation of a United States statute. Admitted that the Complaint attempts to allege a cause of action for collective action under 29 U.S.C. §216(b). All other allegations or assertions in this paragraph are denied.

8. Denied.

9. This Paragraph does not contain a factual allegation to which a response is required. The referenced statute speaks for itself.

10. Denied. Plaintiff was not employed by AVENTURA'S FINEST HAND CARWASH, L.L.C. during the alleged time period and further was not employed during the stated time frame.

11. This paragraph contains boiler plate legal conclusions containing mere recitation of elements masked as factual allegations to which no response is required because no specific factual allegations are made.

12. Denied. Further, whether or not AVENTURA'S FINEST HAND CARWASH, L.L.C. is an enterprise covered by the FLSA is a legal question and not a factual allegation to which a response is required.

13. Denied.

14. Denied.

15. Denied.

16. Denied. Further, the term "joint enterprise" has no reference or meaning under the FLSA. Therefore, it is unclear what the Plaintiff is attempting to allege in this Paragraph.

17. Denied.

18. Denied.

## COUNT II. FEDERAL MINIMUM WAGE VIOLATIONS

Defendants adopt and restate their responses to Paragraphs 1-18, above, as if fully stated herein[1].

19. This Paragraph does not contain a factual allegation to which a response is required. The referenced statute speaks for itself.

20. Denied. Further, as the Paragraph references a male Plaintiff ("Therefore, Plaintiff claims difference between *his* average hourly...) it is unclear what it attempts to state, given that the Plaintiff here is a female.

21. Denied.

22. Denied.

---

[1] In doing so, Defendants are forced to commit a pleading infraction by incorporating responses in Count I into their responses to Count II, as a result of Plaintiff's defective pleading practice.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim for liquidated damages because the allegations do not rise to the requisite standard required for liquidated damages under the FLSA. Defendants' actions were in good faith and they had reasonable grounds for believing that they were in compliance with the FLSA.

### Second Affirmative Defense

Plaintiff's damages, if any, are limited by the relevant statute of limitations of two years.

### Third Affirmative Defense

Plaintiff's claims are barred to the extent that she did not work more than forty (40) hours in one workweek.

### Fourth Affirmative Defense

Plaintiff is not entitled to damages for hours not actually worked during any workweek.

### Fifth Affirmative Defense

Plaintiff has not met all of the requirements to bring a collective action under the FLSA.

### Sixth Affirmative Defense

Plaintiff's claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which he engaged in certain activities that were preliminary or postliminary to their principal activities.

### Seventh Affirmative Defense

Assuming, *arguendo*, that Plaintiff is deemed to be entitled to overtime compensation, she would be entitled to only half her regular rate for all hours worked over forty during any

workweek, because she was paid her regular rate for all hours worked, including any hours worked over forty during any workweek.

## Eighth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the provisions of 29 U.S.C. §§203(m) and 203(t), commonly referred to as the FLSA's "tip credit."

## Ninth Affirmative Defense

Plaintiff's claims are barred to the extent any uncompensated work done by Plaintiff is *de minimis*. See, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946); *Lewis v. Keiser Sch., Inc.*, 2012 U.S. Dist. LEXIS 147150, 2012 WL 4854724, 6 (S.D. Fla. Oct. 12, 2012).

## Tenth Affirmative Defense

The Court lacks jurisdiction over the matter as Plaintiff was not eligible for FLSA overtime and/or minimum wage because she was not a covered individual under either the individual coverage or enterprise coverage, as to this company Defendant, under §207 of the Fair Labor Standards Act of 1938.

## Eleventh Affirmative Defense

Plaintiff was not eligible for FLSA overtime because she was not a covered individual under §207 of the Fair Labor Standards Act of 1938; she was not "engaged in commerce or in the production of goods for commerce," (individual coverage). Specifically, Plaintiff did not regularly and directly participate in the actual movement of persons or things in interstate commerce, or used instrumentalities of interstate commerce. See, *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F. 3d 1292 (11th Cir. 2011); *Martinez v. Jade Palace*, 414 Fed. Appx. 243, 246 (11th Cir. Ala. 2011) (no individual coverage under the FLSA in a claim brought by a cook of a small locally-owned Chinese restaurant). See also, *Cabral v. Lakes Cafe Sports*

*Bar & Grill, Inc.*, 2010 U.S. Dist. LEXIS 31326 (S.D. Fla. Mar. 31, 2010) (citing *Lopez v. Top Chef Invest., Inc.,* No. 07-21598-CIV, 2007 U.S. Dist. LEXIS 88120, 2007 WL 4247646, * 2 (S.D. Fla. Nov. 30, 2007) and *Casseus v. First Eagle, L.L.C.,* No. 07-23228, 2008 U.S. Dist. LEXIS 32249, 2008 WL 1782363, * 5 (S.D. Fla. April 18, 2008)).

### Twelfth Affirmative Defense

Plaintiff was not a covered individual under §207 of the Fair Labor Standards Act of 1938, which provides for overtime and minimum wages, because the company Defendant was not "an enterprise engaged in commerce or in the production of goods for commerce" as it is defined by 29 U.S.C. §203(r) and (s)(1). Specifically, AVENTURA'S FINEST HAND CARWASH, L.L.C.'s has not dome any business in 2013, 2014, or 2015. Therefore, its annual gross sales have never reached or exceeded $500,000.00. See, *Cabral v. Lakes Cafe Sports Bar & Grill, Inc.*, 2010 U.S. Dist. LEXIS 31326 (S.D. Fla. Mar. 31, 2010).

### Thirteenth Affirmative Defense

To the extent the company Defendant is found not to be liable, the individual Defendants, GUILLERMO FREILE and EMILIO GARCIA LOURDES, are also not liable for any violations of the FLSA because any claim against them would only be a derivative of the claim against the company Defendant. See, e.g., *Casseus v. First Eagle, LLC*, 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008).

### RESERVATION OF AFFIRMATIVE DEFENSES

Defendants reserve the right to allege any further affirmative defenses as discovery proceeds.

WHEREFORE, Defendants, having fully answered the Complaint and having raised legal defenses thereto, request judgment in their favor in its entirety and that the Defendants be awarded costs, and reasonable attorneys' fees as may be allowed under 29 U.S.C. §§201-216, 28 U.S.C. §1927, and under the federal rules of civil procedure.

## JURY DEMAND

Defendants hereby request trial by jury on all issues so triable.

Respectfully submitted, this 8th day of June, 2015.

>LUBELL & ROSEN, LLC
>*Attorneys for Defendants*
>200 S. Andrews Ave, Suite 900
>Ft. Lauderdale, Florida 33301
>Phone: (954) 880-9500
>Fax: (954) 755-2993
>E-mail:   adi@lubellrosen.com
>
>By: *s/Adi Amit*
>     Adi Amit, Esquire
>     Florida Bar No. 35257

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 8, 2015, I electronically filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>By:   */s Adi Amit*
>     Adi Amit, Esquire
>     Florida Bar No: 35257

## SERVICE LIST

*Carmen Elena Franco Morales v. Aventura's Finest Hand Carwash, L.L.C., et al.*
S.D. Fla. Case No. 1:15-cv-21821-KMW

Rivkah Jaff, Esq.
K. David Kelly, Esquire
J.H. Zidell, Esq.
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Rivkah.Jaff@gmail.com
david.kelly38@rocketmail.com
ZABOGADO@AOL.COM
*Counsel for Plaintiff*

Adi Amit, Esquire
LUBELL & ROSEN, LLC
200 S. Andrews Ave.
Suite 900
Ft. Lauderdale, Florida 33301
adi@lubellrosen.com
*Counsel for Defendants*