UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-21821-CIV-SIMONTON

JAIME ARCILA,

     Plaintiff,

vs.

AVENTURA FINEST HAND CARWASH
    AND SERVICE AT THE MALL, INC.,
AVENTURA FINEST CARWASH AND
SERVICE, INC., GUILLERMO FREILE,
AND EMILIO GARCIA LOURDES,

     Defendants.

_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must

use in deciding this case.

When I have finished you will go to the jury room and begin

your discussions, sometimes called deliberations.

## The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

### Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

## Impeachment of Witnesses Because of
## Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## Responsibility for Proof – Plaintiff's Claims
## Preponderance of the Evidence

In this case it is the responsibility of the Plaintiff to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

7

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendants as to that claim.

## Responsibility for Proof – Affirmative Defense
## Preponderance of the Evidence

In this case, the Defendants assert the affirmative defense that, with respect to the work performed by the Plaintiff only as a car washer, they are entitled to take a tip credit of $3.02 with respect to the amount they were required to pay the Plaintiff, and that when this credit is applied, they satisfied their obligations under the FLSA. Even if the Plaintiff proves his wage claims by a preponderance of the evidence, the Defendants can prevail in this case if they prove an affirmative defense by a preponderance of the evidence.

I caution you that the Defendants do not have to disprove the Plaintiff's claims, but if the Defendants raise an affirmative defense, the only way they can prevail on that specific defense is if they prove that defense by a preponderance of the evidence.

## Fair Labor Standards Act – 29 U.S.C. §§ 201 et seq.

In this case, Jaime Arcila claims that the Defendants did not pay him the minimum wage and overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA.

An individual employee's rights for minimum wage and overtime pay under the FLSA cannot be abridged by contract or otherwise waived by the employee. The requirements of the FLSA apply to all workers, regardless of their immigration status. In addition, the employer must make the appropriate calculation at the time the wages are paid. An employer cannot retroactively change the manner of calculation to satisfy its weekly obligation.

To succeed on his FLSA claim against the Defendants, Jaime Arcila must prove each of the following facts by a preponderance of the evidence:

First: Jaime Arcila was an employee of the Defendants and was engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Second: The Defendants failed to pay Jaime Arcila the minimum wage and/or overtime pay required by law.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

For the first element, the Parties agree that the Plaintiff was employed by the Defendants Aventura Finest Carwash and Service at the Mall Inc., Aventura Finest Carwash and Service, Inc., (Harbour Center) and Defendant Freile during the period alleged, and that those Defendants were Plaintiff's FLSA employers, and that the FLSA applies to Plaintiff's work from August 17, 2012 through August 15, 2015. Therefore, you should consider the first prong established as to those Defendants.

As to Defendant Garcia Lourdes, however, the Parties dispute whether he was also an employer of the Plaintiff. I will give you a separate instruction as to how to determine whether an individual is liable as an employer.

In addition, the Defendants deny that Defendants Aventura Finest Carwash and Service at the Mall Inc., and Aventura Finest Carwash and Service, Inc., (Harbour Center) jointly employed the Plaintiff during the entire relevant period. I will provide a separate instruction regarding joint employment, and you will need to

11

decide whether the Corporate Defendants jointly employed Plaintiff Arcila for part of, or the entire relevant period.

For the second FLSA element, you must decide if the Defendants failed to pay Plaintiff Arcila the minimum wage and/or overtime pay required by law. Therefore, you must decide if any such wages are owed, and if so, how much.

## Work Hours

"Work" is defined by the FLSA as physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer.

"Stand-by" time or "waiting" time is compensable under the FLSA if it is in furtherance of the employer's business objectives. Whether time is spent predominantly for the employer's benefit or for the employee's is a question dependent upon all of the circumstances of the case.

Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked.

Under the Fair Labor Standards Act, bona fide meal periods are not compensable work time. A bona fide meal period ordinarily lasts 30 minutes or more. A shorter period of no less than 20 minutes, however, may be sufficient depending on the circumstances. In contrast, short periods away from work, commonly known as break periods, are compensable work time.

13

To qualify as bona fide meal periods, the employee must be relieved from duty. An employee is relieved from duty when the employee's time is not spent predominantly for the benefit of the employer. In other words, if during meal periods the employee's time and attention are primarily occupied by a private or personal pursuit, such as relaxing or eating, then the employee is relieved from duty. On the other hand, if during meal periods the employee's time or attention is taken up principally by work responsibilities that prevent the employee from comfortably and adequately passing the meal time, then the employee has not been relieved from duty.

An employee is not denied a bona fide meal period by being restricted to the employer's premises, if the employee is otherwise relieved of duties during the meal period. An employee is not denied a bona fide meal period by being on-call with some limited duties, if the employee otherwise spends his time and attention predominantly in pursuit of personal or private interests.

### Minimum Wage Claim

The minimum wage required to be paid has varied during the time relevant to this lawsuit, as follows:

### MINIMUM WAGE CHART

| | |
|---|---|
| In 2012: | $7.67 per hour |
| In 2013: | $7.79 per hour |
| In 2014: | $7.93 per hour |
| In 2015: | $8.05 per hour |

To prevail on his minimum wage claim, the Plaintiff is required to prove by a preponderance of the evidence that he was not paid the above minimum wages with respect to all hours worked.

To determine whether the minimum wage was paid, you must divide the money paid to the Plaintiff by the total number of hours worked on a weekly basis.  If the amount was less than the amount specified in the above chart, the Plaintiff must be awarded the difference, unless for the period where the Plaintiff was a carwasher, the Defendants have proven that they were entitled to take the tip credit, I will now explain.

15

## The Tip Credit

With respect to the work performed by the Plaintiff only as a car washer, the Defendants claim that the Plaintiff was paid the appropriate minimum wage for all hours that he worked through the use of what is known as a "tip credit."  Under certain conditions, which I will explain in a moment, the law allows employers to pay a reduced cash wage to certain employees, and count tips received by those employees to make up the balance of the minimum wage.  The Defendants have the burden of proving by a preponderance of the evidence that they met the conditions for taking this "tip credit," and properly applied the "tip credit" to the Plaintiff's wages.

If an employer wishes to claim the tip credit, it is mandatory that an employee be paid at least minimum wages for all hours when the tips are factored into the hourly wage.  The employer is responsible for ascertaining that the minimum wage provisions are complied with in compensating "tipped employees."

At all relevant times, the maximum amount of the permissible "tip credit" was $3.02, and thus if the tip credit was

appropriately applied, the following minimum wages were required to be paid by the Defendants:

### REDUCED MINIMUM WAGE CHART FOR TIPPED EMPLOYEES

In 2012: ($7.67-$3.02)          $4.65 per hour

In 2013: ($7.79-$3.02)          $4.77 per hour

In 2014:      (not applicable since Plaintiff did not work
                    as a car washer)

In 2015: ($8.05-$3.02)          $5.03 per hour

The tip credit may be taken only for hours worked by an employee in an occupation in which he or she qualifies as a "tipped employee." In this case, the Defendants are claiming this credit only for work performed by the Plaintiff as a car washer.

Tips are by law the property of the employees to whom they are gratuitously given by the customers. However, under the statute, the employer can require employees who customarily and regularly receive tips to pool their tips, and then divide those tips among those employees.

The use of the tip credit is not valid unless the all of the following conditions have been met:

1. The employer must inform the employee that tips will be used to satisfy its minimum wage obligation.  To provide sufficient notice, the employer must inform its employee that it intends to treat tips as satisfying part of its minimum wage obligations.  It is not necessary, however, that the employer provide a rigorous explanation of how the tip credit works.

2. The employer must pay the tipped employee the reduced minimum wage required by law for every hour worked, as specified above.

3. Tipped employees must be allowed to retain all of their tips.  The employer may not claim a tip credit when it requires tipped employees to share their tips with employees who do not customarily and regularly earn tips.

In determining whether an employee is engaged in an occupation which customarily and regularly receives tips, it is necessary to examine the employee's overall duties, including the nature and extent of his interaction with customers, and whether customers expect him to receive tips.

If any of the above conditions were not met, the Defendants were not entitled to take the tip credit, and the Plaintiff is owed the unreduced minimum wage for the applicable time period.

<u>Overtime</u>

In addition to the minimum wage, the Fair Labor Standards Act requires an employer to pay its employees at a rate of at least one and one-half times their regular rate for time worked in any one work week over 40 hours.  This is commonly known as time-and-a-half pay for "overtime" work.  In other words, for each overtime hour worked, an employee must be paid an additional one-half of their regular rate per hour.  This is known as "premium pay" for overtime work.

The employee's regular rate for one week is the basis for calculating any overtime pay due to that employee.

If an employee is paid on an hourly basis, the employee's "regular rate" is the hourly rate.

If an employee is paid based on a "piece work" basis, that is, paid according to how many items he completes during the week, the "regular rate" is based on the total number of hours worked. To make this calculation, the total amount of money paid to the employee is divided by the total number of hours worked.

If the employee is paid on a salary basis, the "regular rate" for a week is determined by dividing the total wages paid for the week by the total number of hours those wages were intended to compensate.

The regular rate, however, must be at least the minimum wage. To calculate how much overtime pay, if any, was owed to the Plaintiff for a certain week, subtract 40 from the total number of hours he worked and multiply the difference by the overtime "premium rate," *i.e.* the half-time rate. If the Plaintiff has worked hours in excess of 40 hours per week for which he received no compensation, then he is entitled to time and a half of his regular rate for those hours.

The Defendants failed to pay the Plaintiff the required overtime pay if the Plaintiff was paid less than that amount, unless as I will explain next, the Defendants prove they were entitled to take a tip credit.

### Overtime for Tipped Employees

For tipped employees, the amount paid for each overtime hour must be determined by including both the direct wages paid

plus any tip credit.  An employer is not permitted to deduct more than $3.02 from each overtime hour worked by a tipped employee.

Stated another way, for each overtime hour worked by a tipped employee, the employer must pay *at least* the following amounts:

| Year | Min. Wage Overtime Pay | -Tip Credit | Min. Hourly Overtime Pay for Tipped Employee | Half Time Premium Pay |
|------|------------------------|-------------|----------------------------------------------|-----------------------|
| 2012: | ($7.67 x 1.5)=11.505/hr. | -$3.02 | $8.485 | $4.2425 |
| 2013: | ($7.79 x 1.5)=11.685/hr. | -$3.02 | $8.665 | $4.3325 |
| 2014: | Not applicable since Plaintiff did not work as a car washer | | | |
| 2015: | ($8.05 x 1.5)=12.075/hr. | -$3.02 | $9.055 | $4.5275 |

Keep in mind that the amount of overtime "premium pay" is the half-time calculation, based on the employee's regular rate.  If the regular rate is the minimum wage for any week worked by a tipped employee, then the half-time rate is specified in the last column.  If the regular rate for a tipped employee is more than the minimum wage, you should include the full amount of the regular rate in determining the half-time premium pay owed to the tipped employee.

22

The amount of overtime awarded should not include the amount, if any, awarded under the minimum wage claim.

If, however, the Plaintiff has proven that he worked hours in excess of 40 hours per week for which he received no compensation, then, just like a non-tipped employee as described above, he is entitled to time and a half of his regular rate for those hours.

<u>Damages</u>

If you find that the Plaintiff was not paid the required

minimum wage or overtime pay, then you must turn to the

question of damages which the Plaintiff is entitled to recover.  The

measure of damages is the difference between what the Plaintiff

should have been paid under the Act and the amount that you find

each Plaintiff actually was paid by the Defendants.  You cannot

include in this calculation any tips received by the Plaintiff, except

to the extent that the Defendants have proven they were entitled

to take a tip credit of up to $3.02.

The Plaintiff is entitled to recover lost wages back to no

more than two years before this lawsuit, unless you find the

employers either knew, or showed reckless disregard for the

matter of whether its conduct was prohibited by the FLSA.  If you

find that the employers knew, or showed reckless disregard for

the matter of whether its conduct was prohibited by the FLSA, the

Plaintiff is entitled to recover lost wages back to no more than

three years before the lawsuit.

The amount of damages is the difference between the

amount Jaime Arcila should have been paid and the amount he

was actually paid. Jaime Arcila is entitled to recover lost wages from August 17, 2013 (*i.e.,* two years before he began to participate in this lawsuit) through August 17, 2015 – unless you find that the employers either knew or showed reckless disregard for whether the FLSA prohibited their conduct. If you find that the employers knew or showed reckless disregard for whether the FLSA prohibited their conduct, then Jaime Arcila is also entitled to recover lost wages from August 17, 2012 to August 16, 2013.

## Inadequate Records

The law requires employers to keep records of how many hours their employees work and the amount they are paid. In this case, Plaintiff Jaime Arcila claims that the Defendant employers failed to keep and maintain adequate records of his hours and pay. Jaime Arcila also claims that the Defendant employers' failure to keep and maintain adequate records has made it difficult for Jaime Arcila to prove the exact amount of his claim.

If you find that the Defendants failed to keep adequate time and pay records for Jaime Arcila and that Jaime Arcila performed work for which he should have been paid, Jaime Arcila may recover a reasonable estimation of the amount of his damages. But to recover this amount, Jaime Arcila must first prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which he seeks pay.

### Joint Employers

As stated in the prior instruction, the Parties dispute whether Jaime Arcila was employed jointly by Defendants Aventura Finest Carwash and Service at the Mall Inc., and Aventura Finest Carwash and Service, Inc.

It is not always clear whether the law considers someone an "employee," and it is not always clear who the law considers someone's "employer." Some people, for example, perform services for others while remaining self-employed as independent contractors. Others are clearly employees. But it may not always be clear who is an employer of the employee. Sometimes an employee may have more than one employer at the same time.

So, in this case, you must decide: Was Jaime Arcila Aventura Finest Carwash and Service at the Mall Inc.'s employee as well as an employee of Aventura Finest Carwash and Service, Inc. (Harbour Center) at the same time? You should answer this question in light of the economic realities of the entire relationship between the parties based on the evidence.

Consider all the following factors to the extent you decide that each applies to this case:

(a) the nature and degree of control over the employee and who exercises that control;

(b) the degree of supervision, direct or indirect, over the employee's work and who exercises that supervision;

(c) who exercises the power to determine the employee's pay rate or method of payment;

(d) who has the right, directly or indirectly, to hire, fire, or modify the employee's employment conditions;

(e) who is responsible for preparing the payroll and paying wages;

(f) who made the investment in the equipment and facilities the employee uses;

(g) who has the opportunity for profit and loss;

(h) the employment's permanence and exclusiveness;

(i) the degree of skill the job requires;

(j) the ownership of the property or facilities where the employee works; and

(k) the performance of a specialty job within the production line integral to the business.

Where the employee performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situations such as:

(1)    Where there is an arrangement between the employers to share the employee's services, as for example, to interchange employees; or

(2)    Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or

(3)    Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

Consideration of all the circumstances surrounding the work relationship is essential. No single factor is determinative. Nevertheless, the extent of the right to control the means and manner of the worker's performance is the most important factor.

## Individual Liability

An employer is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. Thus, a corporate officer or owner, and the corporation, may be jointly liable for overtime wages. Status as a corporate officer or owner alone, however, is insufficient to render an individual liable as an employer. To establish the personal liability of a corporate officer or owner, the plaintiff must prove that the individual defendant either has operational control of significant aspects of the day-to-day functions, or has some direct responsibility for the supervision of the Plaintiff. Whether an individual falls within the definition of "employer" does not depend on technical or isolated factors, but rather on the circumstances of the whole activity.

In making this determination, some of the factors that may be considered include whether the officer or owner was involved in the compensation of employees, the hiring or firing of employees, or other matters in relation to an employee.

There is no liability where an officer or owner does not exercise his authority. However, occasional operational control

may be sufficiently significant to warrant the imposition of liability.

The above factors are not exclusive, nor is any one factor dispositive; rather, the determination of whether a particular individual had sufficient operational control within a business to be considered an "employer" for purposes of the Fair Labor Standards Act requires a consideration of all the circumstances.

### Retaliation-FLSA

In this case, Jaime Arcila claims that Defendant Aventura Finest Carwash and Service, Inc. (Harbour Center) retaliated against him because he took steps to enforce his lawful rights under the FLSA.   Laws prohibit an employer from taking any retaliatory action against an employee because the employee has asserted rights or made complaints under the FLSA.

Jaime Arcila claims that Defendant Aventura Finest Carwash and Service, Inc. (Harbour Center) reduced the number of hours he was permitted to work, created a hostile environment and/or terminated him because Jaime Arcila filed this lawsuit under the FLSA.

Defendant Aventura Finest Carwash and Service, Inc. (Harbour Center) denies Jaime Arcila's claim and asserts that the hours he was assigned to work were not reduced nor was there a hostile environment created, nor was he terminated because he filed this lawsuit.

To succeed on his claim, Jaime Arcila must prove each of the following facts by a preponderance of the evidence:

First:     Jaime Arcila engaged in a protected activity;

<u>Second</u>:   Defendant Aventura Finest Carwash and Service, Inc. (Harbour Center) then took an adverse employment action;

<u>Third</u>:   Defendant Aventura Finest Carwash and Service, Inc. (Harbour Center) took the adverse employment action because of Jaime Arcila's protected activity; and

<u>Fourth</u>:   Jaime Arcila suffered damages because of the adverse employment action.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

The Parties agree that Jaime Arcila engaged in protected activity when he asserted claims in this lawsuit on August 17, 2015, and you should consider that element established.

For the second element, Jaime Arcila claims that Defendant Aventura Finest Carwash and Service, Inc. took an adverse employment action against him when Defendant Aventura Finest Carwash and Service, Inc. (Harbour Center) reduced the number of hours which he was assigned work, created a hostile environment, and/or terminated his employment. You must decide whether any of these actions occurred, and if so, whether any were adverse employment actions.

33

An "adverse employment action" is any type of action that would have made a reasonable employee reluctant to make or support a claim under the FLSA. Put another way, if a reasonable employee would be less likely to complain about or oppose FLSA violations because he knew that the Defendant would take the alleged action, then that action is an adverse employment action. If the employment action would not make it less likely for a reasonable employee to make such complaints, it is not an adverse employment action.

The parties agree that a reduction in hours, if it occurred, and termination are adverse employment actions.   The parties dispute whether any alleged hostile work environment constituted an adverse action.

For the third element, if you find that Defendant Aventura Finest Carwash and Service, Inc. (Harbour Center) took an adverse employment action against him, you must decide whether the Defendant took that action because of Jaime Arcila's protected activity. Put another way, you must decide whether Jaime Arcila's protected activity was the main reason for the Defendant's decision.

To determine that the Defendant took an adverse employment action because of Jaime Arcila's protected activity, you must decide that the Defendant would not have taken the action had Jaime Arcila not engaged in the protected activity but everything else had been the same.

Defendant Aventura Finest Carwash and Service, Inc. claims that it did not reduce the Plaintiff's assigned work hours or create a hostile work environment or terminate Jaime Arcila's employment because of Jaime Arcila's participation in the lawsuit, and that the actions it took were taken for another reason. An employer may not take an adverse action against an employee because of the employee's protected activity. But an employer may take an adverse action against an employee for any other reason, good or bad, fair or unfair. If you believe the Defendants' reasons for their decision, and you find that the Defendants did not make their decision because of Jaime Arcila's protected activity, you must not second guess that decision, and you must not substitute your own judgment for the Defendants' judgment – even if you do not agree with it.

As I have explained, Jaime Arcila has the burden to prove that Defendants took the above adverse employment actions because of Jaime Arcila's protected activity. I have explained to you that evidence can be direct or circumstantial. To decide whether any such actions were because of Jaime Arcila's protected activity, you may consider the circumstances of the Defendants' decision. For example, you may consider whether you believe any reason that the Defendants and/or Defendants' agents gave for any adverse action you find that they took. If you do not believe the reasons that were given for the decision, you may consider whether the reasons were so unbelievable that they are a cover-up to hide the true retaliatory reasons for the decision.

For the fourth element, you must decide whether the Defendants' acts were the proximate cause of damages that Jaime Arcila sustained. Put another way, you must decide, if the Defendants had not taken the adverse actions, would these damages to Jaime Arcila have occurred?

If you find that the Defendants' acts were the proximate cause of damages that Jaime Arcila sustained, you must determine the amount of damages.

### Damages for Retaliation

If you find for the Plaintiff on the retaliation claim, you must then decide the issue of the Plaintiff's damages:  In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendants. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury – tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced.  In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff

for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a)  Net lost wages and benefits to the date of trial; and

(b)  Emotional pain and mental anguish.

### Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

### Election of Foreperson Explanation of Verdict Form[s]

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in

the jury room and not be shared with anyone, including me, in your note or question.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 15-21821-CIV-SIMONTON

JAIME ARCILA,

     Plaintiff,

v.

AVENTURA FINEST HAND CARWASH
    AND SERVICE AT THE MALL, INC.,
AVENTURA FINEST CARWASH AND SERVICE, INC.,
GUILLERMO FREILE, and
EMILIO GARCIA LOURDES,

     Defendants.

_____/

## VERDICT FORM

### TIP CREDIT

1. Do you find that the Defendants have proven by a preponderance of the evidence that the use of the tip credit to satisfy the minimum wage obligation was taken in accordance with the requirements of the law?

     Answer Yes or No  _____

(If you answered "No" then the tip credit taken in the amount of $3.02 cannot be used by the Defendants at all.)

2. If you answered "Yes" to question 1, please specify the number of hours worked by the Plaintiff as a car washer to which the tip credit applies. _____

## WILLFUL OR RECKLESS DISREGARD CONDUCT

3.  Do you find that the Plaintiff has proven by a preponderance of the evidence that each Defendant named below either knew or showed reckless disregard as to whether their conduct was prohibited by the Fair Labor Standards Act?

    a.  Defendant Aventura Finest Car Wash and Service at the Mall Inc.?

        Answer Yes or No _____

    b.  Defendant Aventura Finest Carwash and Service, Inc. (Harbour Center)?

        Answer Yes or No _____

## MINIMUM WAGES

4.   Do you find that the Plaintiff has proven by a preponderance of the evidence that Defendant Aventura Finest Car Wash and Service at the Mall, Inc. failed to pay the Plaintiff the minimum wages required by law?

        Answer Yes or No _____

If your answer is "No," please go to question 5.

    If your answer is "Yes," please state the amount of minimum wages owed by that Defendant to the Plaintiff. _____

5.   Do you find that the Plaintiff has proven by a preponderance of the evidence that Defendant Aventura Finest Car Wash and Service, Inc. (Harbour Center) failed to pay the Plaintiff the minimum wages required by law?

        Answer Yes or No _____

If your answer is "No," please go to question 6.

    If your answer is "Yes," please state the amount of minimum wages owed by that Defendant to the Plaintiff. _____

## OVERTIME WAGES

6.   Do you find that the Plaintiff has proven by a preponderance of the evidence that Defendant Aventura Finest Car Wash and Service at the Mall, Inc. failed to pay the Plaintiff the overtime wages required by law?

        Answer Yes or No _____

If your answer is "No," please go to question 7.

2

If your answer is "Yes," please state the amount of overtime wages owed by that Defendant to the Plaintiff. _____

7.  Do you find that the Plaintiff has proven by a preponderance of the evidence that Defendant Aventura Finest Car Wash and Service, Inc. (Harbour Center) failed to pay the Plaintiff the overtime wages required by law?

Answer Yes or No _____

If your answer is "No," please go to question 8.

If your answer is "Yes," please state the amount of overtime wages owed by that Defendant to the Plaintiff. _____

## INDIVIDUAL EMPLOYER STATUS

8.  Do you find that Defendant Emilio Garcia Lourdes was the Plaintiff's employer during the employment period relevant to this lawsuit?

Answer Yes or No _____

## JOINT EMPLOYER STATUS

9.  Do you find that the Plaintiff has proven by a preponderance of the evidence that the two corporate Defendants were joint employers of the Plaintiff during the relevant time period of August 17, 2012 through August 17, 2015?

Answer Yes or No _____

## RETALIATION

10.  Do you find that the Plaintiff has proven by a preponderance of the evidence that the Defendant took an adverse employment action because of the Plaintiff's protected activity?

Answer Yes or No _____

(If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page on this verdict form.  If your answer is "Yes" go to the next question.)

11.  Do you find by a preponderance of the evidence that the Plaintiff suffered damages because of the adverse employment action that you found in response to Question 10?

Answer Yes or No _____

　　　If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page on this verdict form.  If your answer is "Yes" go to the next question.

12.  How much money should the Plaintiff be awarded for the following damages relating to his retaliation claim?

　　　Economic damages _____

　　　Emotional damages including mental anguish/suffering _____

SO SAY WE ALL.

Date _____

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　JURY FOREPERSON

4