UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-21821-CIV-SIMONTON

JAIME H. ARCILA,

    Plaintiff,

v.

AVENTURA'S FINEST HAND
CARWASH, LLC, et al.,

    Defendants.

_____/

### ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW, NOTWITHSTANDING THE VERDICT, AND FOR NEW JURY TRIAL

This matter came before the Court upon Plaintiff's Renewed Motion for Judgment as a Matter of Law, Notwithstanding the Verdict, and For New Jury Trial, ECF No. [147]. The Defendant has filed a Response and the Plaintiff has filed a Reply, ECF Nos. [150] [151]. The Honorable Kathleen M. Williams, United States District Judge, has referred this matter to the undersigned for all necessary and proper action as required by law including trial by jury and entry of final judgment, ECF No. [96]. After a thorough review of the record and for the following reasons, the Motion is DENIED.

### I. BACKGROUND

This matter involves claims brought by Plaintiff, Jaime Arcila, against his employers Aventura's Finest Hand Carwash, LLC, Guillermo Freile, and Emilio Garcia Lourdes, for violations of the Fair Labor Standard Act, ("FLSA") 29 U.S.C. § 201, et seq.[1] In the Second Amended Complaint, Plaintiff Arcila alleged that Aventura Finest Carwash

---

[1] **This action was initially brought by Plaintiff Camen Elena Franco Morales, and all others similarly situated under 29 U.S.C. § 216 (b) ECF No. [1]. Plaintiff Jaime H. Arcila opted-in to the action, and after the Defendants and Plaintiff Morales settled her claims, Arcila remained as the only Plaintiff, ECF Nos. [90], [93].**

and Service At the Mall, Inc., Aventura Finest Carwash and Service, Inc., Guillermo Ferile and Emilio Garcia failed to pay Plaintiff Arcila all of the minimum and overtime wages required by the FLSA while he worked as a car washer and salesman beginning in February of 2012 until the time Arcila opted-in to the law suit on or about August 18, 2015, ECF No. [62].[2] Arcila further alleged that the Defendants retaliated against him for asserting a claim under the FLSA, in violation of 29 U.S.C. § 215(A)(3), ECF No. [62] at 11-12.

After a seven day trial in which the Plaintiff, several of his coworkers, and the two individual Defendants Emilio Garcia Lourdes and Guillermo Freile testified, the jury returned a verdict in favor of the Defendants, ECF Nos. [119] [125] [127] [132] [137] [138] [141]. The Verdict Form reflected that the jury found that the Defendants' use of the tip credit to satisfy the minimum wage obligation was taken in accordance with the requirements of the law, ECF No. [141] at 1. In addition, the jury concluded that the Plaintiff failed to prove by a preponderance of the evidence that either Defendant Aventura Finest Car Wash and Service at the Mall, Inc., or Aventura Finest Car Wash and Service, Inc., (Harbour Center) failed to pay the Plaintiff the minimum wages or overtime wages required by law, ECF No. [141] at 2-3. The jury also found that the Plaintiff failed to prove by a preponderance of the evidence that he had been retaliated against because he engaged in a protected activity, ECF No. [141] at 3.

The Court entered Final Judgment in Favor of Defendants, and the instant Motion followed, ECF No. [144].[3]

---

[2] Although the Complaint alleges that Arcila was a salesmen, the undisputed evidence established that he worked as a valet and as a car washer.

[3] Prior to the jury commencing its deliberations, both Parties moved for a Rule 50 Judgment as a Matter of Law on several issues. Relevant to the instant motion, the Plaintiff moved for a directed verdict regarding the tip credit arguing that there was no evidence that Arcila had been given notice that the Defendants intended to use his tips as a credit towards his minimum wages. The Plaintiff further argued that the Defendants

2

## II. THE POSITIONS OF THE PARTIES

In the Renewed Motion for Judgment as a Matter of Law, Notwithstanding the Verdict, and For New Jury Trial, the Plaintiff argues that he was entitled to a Judgment as a Matter of Law on the issue of the tip credit because the Defendants failed to establish that they met their legal obligations for claiming the tip credit. Specifically, the Plaintiff contends that the Defendants failed to meet their burden of establishing that: 1) they gave adequate notice to the Plaintiff of their intention to claim the tip credit; 2) that they explained the tip credit to the Plaintiff; and 3) that they kept track of the tips in order to establish that, even using the tip credit, the Plaintiff was paid correct minimum/overtime wages.

As to the first of these, the Plaintiff contends that at trial there was no "clear" witness testimony that demonstrated that the Plaintiff, himself, was put on notice regarding the Defendant's intention to rely on the tip credit, ECF No. [147] at 4-5. As to the second contention, the Plaintiff asserts that there was no evidence presented at trial that anyone had ever specifically explained to the Plaintiff that his minimum wages were being credited by Defendants in relation to his tips. On the third issue, the Plaintiff contends that because certain trial exhibits reflect that, prior to 2015, the Defendant did not notate tips received by the Plaintiff but rather only listed the gross pay and net pay and taxes withheld, no reasonable jury could conclude that the Defendants complied with the tip credit's legal mandates, ECF No. [147] at 6-7. The Plaintiff similarly contends that because the Defendants failed to maintain records for the weekly work schedules for their workers, a jury could not reasonably find that Defendants complied with the legal requirements to claim the tip credit.

---

had miscalculated the Plaintiff's overtime wages owed to him. The Court denied both Parties' Motions and submitted the entire case to the jury.

3

The Plaintiff next argues that the evidence establishes that after the Plaintiff's job with Defendants changed from a car washer to a valet that the Plaintiff was paid a fixed salary and not on an hourly basis, and worked at least some overtime hours for which he was not paid properly, ECF No. [151] at 5. The Plaintiff thus contends that the jury's determination, as reflected on the Verdict Form, that the Plaintiff failed to establish by a preponderance of evidence that he was not paid overtime wages was unreasonable.

In response to the Plaintiff's tip credit arguments, the Defendants contend that several witnesses testified that notice was provided by managers and through a poster that was posted on the refrigerator in the office break room at the Plaintiff's workplaces. The Defendants further contend that it was well within the jury's province to disbelieve the Plaintiff's testimony regarding how much he was paid and whether he was made aware of the Defendants' tip credit usage. The Defendants also point to other trial exhibits which include tip reports that were signed by the Plaintiff, and argue that the failure of the Defendants to maintain tip reports prior to 2015 does not demonstrate that tips were not paid, rather only demonstrates an absence of those records, ECF No. [150] at 9-10. The Defendants further assert that the jury could have relied on the testimony by witnesses other than the Plaintiff to believe that the workers were paid in the same manner before tip records were maintained.

The Defendants further counter that there was testimony that contradicted the Plaintiff's testimony at trial, and contends that when Plaintiff was cross-examined it was revealed that the Plaintiff lied about what he was paid. Thus, it was reasonable for the jury to believe that the Plaintiff was not truthful about the overtime hours he worked and that he only took five minutes, not half an hour for lunch. The Defendants further argue that the Plaintiff fails to acknowledge the testimony of Defendant Freile directly disputed the Plaintiff's testimony that the Plaintiff worked overtime. In sum, the Defendants argue that there is evidence in conflict which can be found to support the Defendant's version

of the facts and thus there is an insufficient basis to overturn a jury's verdict, particularly here where the jury chose not to believe the Plaintiff's testimony.

### III. FRAMEWORK FOR ANALYSIS

#### A. *Federal Rule of Civil Procedure 50, Judgment as a Matter of Law*

Under Federal Rule of Civil Procedure 50(a), a party may move for judgment as a matter of law before the case is submitted to the jury. "The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2). Under Rule 50(b), "a party may renew consideration of issues initially raised in a pre-verdict motion for judgment as a matter of law." *Warfield v. Stewart*, 434 F. App'x 777, 780 (11th Cir. 2011) (quoting *Caban–Wheeler v. Elsea*, 71 F.3d 837, 842 (11th Cir. 1996)) (internal quotation marks omitted).

A court may enter judgment as a matter of law when there is no legally sufficient evidentiary basis for a reasonable jury to find for a party on an issue. Fed. R. Civ. P. 50(a); *Pickett v. Tyson Fresh Meats, Inc.*, 420 F.3d 1272, 1278 (11th Cir. 2005); *see also Ledbetter v. Goodyear Tire and Rubber Co., Inc.*, 421 F.3d 1169, 1177 (11th Cir. 2005) (same.). When presented with such a motion, the court must "consider all the evidence in the light most favorable to the nonmoving party, and ... determine whether the facts and inferences point so overwhelmingly in favor of the movant that reasonable people could not arrive at a contrary verdict." *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1308 (11th Cir. 1998) (quotations and citations omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Allen v. Bd. of Public Educ. for Bibb Cnty.*, 495 F.3d 1306, 1315 (11th Cir. 2007) (citation omitted). Accord *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004)

5

(citing *Christopher v. Florida*, 449 F.3d 1360, 1364 (11th Cir. 2006) and stating "[I]f there is a substantial conflict in the evidence, such that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions, the motion must be denied."). To deny a Rule 50 motion, the court should find that there is "substantial conflict in the evidence, such that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions." *Proctor v. Fluor Enterprises, Inc.*, 494 F.3d 1337, 1347 n. 5 (11th Cir. 2007). Thus, as stated in *Medrano v. The Investment Emporium LLC*, 672 F. App'x 944 (11th Cir. Dec. 6, 2016), "Judgment as a matter of law is appropriate only if the evidence is so overwhelmingly in favor of the moving party that a reasonable jury could not arrive at a contrary verdict." *Id.* at 947 (citing *Middlebrooks v. Hillcrest Foods, Inc.*, 256 F.3d 1241, 1246 (11th Cir. 2001)).

      B. *Federal Rule of Civil Procedure 59, Motion for New Trial*

Federal Rule of Civil Procedure 50(b) also allows a party moving for judgment as a matter of law to move alternatively for a new trial under Rule 59. A motion for a new trial under Rule 59 should be granted only when "the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001). The court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "A trial judge may grant a motion for a new trial if he believes the verdict rendered by the jury to be contrary to the great weight of the evidence." *Watts v. Great Atl. & Pac. Tea Co.*, 842 F.2d 307, 310 (11th Cir. 1988) (citation omitted).

Unlike in considering a motion for judgment as a matter of law, the Court is permitted to reweigh the evidence in determining whether to grant a new trial. *Williams v. City of Valdosta*, 689 F.2d 964, 973 (11th Cir. 1982); *Popham v. City of Kennesaw*, 820

F.2d 1570, 1575 (11th Cir. 1987). However, when "there is no great weight of the evidence in any direction," it is improper to grant a new trial based on the sufficiency of the evidence. *Williams*, 689 F.2d at 976. Additionally, "the district judge should not substitute [her] own credibility choices and inferences for the reasonable credibility choices and inferences made by the jury." *Walls v. Button Gwinnett Bancorp, Inc.,* 1 F.3d 1198, 1201 (11th Cir. 1993) (internal quotation marks omitted). Lastly, "when the trial involves simple issues, highly disputed facts, and there is an absence of 'pernicious occurrences,' trial courts should be considerably less inclined to disturb a jury verdict." See *Williams*, 689 F.2d at 974; *Hardin v. Hayes*, 52 F.3d 934, 938 (11th Cir. 1995). Yet, the court has more freedom to scrutinize the verdict when the case involves "complex issues, facts not highly disputed, and events arguably marred by error." *Williams*, 689 F.2d at 974.

      C.    *The Tip Credit under the FLSA*

The FLSA requires employers to pay employees a minimum wage. 29 U.S.C. § 206(a). But when an employee receives tips, that wage may include the tips. 29 U.S.C. § 203(m). "That is, an employer may pay an employee a cash wage below the minimum wage so long as the employer supplements the difference with the employee's tips; this is known as an employer taking a 'tip credit.'" *Howard v. Second Chance Jai Alai LLC*, No. 5:15–CV–200–OC–PRL, 2016 WL 7180243, at *10 (M.D. Fla. Dec. 9, 2016).

An employer who wishes to use a tip credit toward an employee's minimum wage must do two things: (1) inform the employee of the section 203(m) of the FLSA, and (2) allow the employee to keep all tips they receive, except when tips are pooled "among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m).

In determining whether an employer has met the requirement of informing an employee of the employer's use of the tip credit to satisfy the wages legally due to an employee, the court in *Pellon v. Bus. Representation Int'l, Inc.,* 528 F. Supp. 2d 1306, 1310 (S.D. Fla. 2007), stated the following:

7

> Essentially, an employer must inform its employees that it intends to treat tips as satisfying part of the employer's minimum wage obligations. *Kilgore v. Outback Steakhouse of Florida, Inc.*, 160 F.3d 294, 298 (6th Cir. 1998). "Employers do not have to 'explain' the tip credit to employees, however; it is enough to 'inform' them of it." *Chan v. Triple 8 Palace, Inc.*, No. 03 Civ. 6048(GEL), 2006 WL 851749, at *19 (S.D.N.Y. 2006) (citing *Kilgore*, 160 F.3d at 298–300). . . . Department of Labor regulations explicitly require employers to post "a notice explaining the [FLSA minimum wage provisions]." 29 C.F.R. § 516.4. Because it would defy logic to require the display of inadequate information regarding the minimum wage and employer tip credit, a prominently displayed poster using language approved by the Department of Labor to explain 29 U.S.C. § 203(m) is sufficient notice.

*Id.* In addressing the sufficiency of the notice given the Court explained,

> Contrary to Plaintiffs' argument, the FLSA does not require a rigorous explanation to employees about how the tip credit works. In fact, such an explanation would serve no logical purpose. Provided that the employees are advised and receive a wage plus tip amount equal to minimum wage or higher (and the Court does not see in the record that Plaintiffs have earned less than minimum wage in their adjusted wage rate plus tips), they do not need to understand how the statutory mechanism applies to their employer. In fact, "employee understanding" would be an untenable legal standard in cases such as this one.

*Id.* at 1312.  In *Pellon*, there was evidence in the record that the plaintiffs were orally informed that their salary would be calculated based on an hourly rate plus tips, and their paychecks informed them of their salary twice a month. *Id.* at 1311.  The Court in *Pellon* concluded that the two posters with the required FLSA information that the plaintiffs passed everyday, was sufficient to satisfy the notice requirement for an employer to claim the tip credit, and the employer need not explain how the tip credit worked.

A majority of district courts in this Circuit have concluded the prominent display of a poster that includes Department of Labor approved language satisfies the notice requirement. *See, e.g., Ide v. Neighborhood Rest. Partners*, LLC, 32 F. Supp. 3d 1285, 1293 (N.D. Ga. 2014), aff'd, 667 F. App'x 746 (11th Cir. 2016); *Garcia v. Koning Rest. Int'l, L.C.*, No. 12-CV-23629, 2013 WL 8150984, at *4 (S.D. Fla. May 10, 2013); *see also Miller v.*

8

*Garibaldi's Inc.*, No. CV414-007, 2018 WL 1567856, *4 (S.D. Ga. March 30, 2018) (granting summary judgment to employer regarding "tip credit" notice satisfied where posters with Department of Labor's Wage & Hour Division prominently displayed and servers were notified of tip credit when they were hired); *Saldana v. Bird Road Car Wash, Inc.*, 15-cv-23329-GAYLES/Turnoff, 2016 WL 5661632 (S.D. Fla. Sept. 30, 2016) (concluding that employer entitled to summary judgment on tip credit notice where employee received notice of tip credit through employee handbook, poster displayed in employee workroom, and verbal notice was given during orientation, and noting that any combination of the three would have satisfied the notice requirement); but see, *Howard v. Second Chance Jai Alai LLC*, No. 5:15–CV–200–OC–PRL, 2016 WL 3883188, at *2 (M.D. Fla. July 18, 2016) (discussing 2011 amended rule 29 C.F.R. § 531.59(b) and finding notice insufficient unless the "five distinct disclosure requirements" of the amended final rule were met).

## IV. ANALYSIS

### A. There Was Sufficient Evidence for the Jury to find that the Defendant was entitled to claim the Tip Credit and that Finding Was Not Against the Great Weight of the Evidence

The undersigned concludes that the Plaintiff is not entitled to judgment as a matter of law or a new trial on the issue of the tip credit. At trial, the Plaintiff testified that he never heard the words "tip credit" and that no one discussed anything about a tip credit with him. The Plaintiff thus asserts that because there was no evidence that the Plaintiff, himself, was specifically informed of the tip credit, the jury could not have reasonably concluded that the Defendants met the legal requirements necessary to claim the tip credit.

However, the Court's recollection of the trial evidence supports the Defendants' contention that the testimony and other evidence introduced at trial was more than

9

sufficient to find that the Defendants were entitled to claim the tip credit.[4] In particular, the Court recollects that Luis Miguel Patino-Escobar, a co-worker of the Plaintiff, testified that he had been washing cars since 2012 and that he received tips from customers in that job.  He further testified that he was told that the Defendants were going to use tips to pay part of his minimum wages, and that for years 2012 through 2015 there was a poster on the refrigerator that indicated that tips were going to be used to pay part of minimum wages.  Similarly, Magnolia Giraldo testified that he worked at Aventura at the Mall in 2012 through part of 2014, and that he was told that the Defendants would use tips as part of the credit against minimum wage, and that he recalled reading a poster, as well, although he didn't recall what the poster said.  In addition, Defendant Freile testified that all managers knew about the tip credit and were supposed to advise the employees of the credit. Defendant Freile further testified that there are FLSA posters in each work location.  In addition, Gose Brasilio Cabalho testified that he worked as a manager at the Harbour Center location, and that it was explained to the car washers at that location that their tips would go to pay their wages.

Further, as the Defendants point out, the time cards and pay stubs that were introduced into evidence reflect that from, at least, 2014 on, the Plaintiff signed "tip cards" which confirmed the tips the Plaintiff received.  In addition, the Payroll Detail log, which also was introduced into evidence, reflects that Arcila's tips were included as part of the calculation of his pay, ECF Nos. [146-1] [146-5] [146-8].  Moreover, as stated above, the FLSA does not require an employer to provide an explanation to employees about how the tip credit works. It is sufficient that employees were advised of the tip credit and

---

[4] The Plaintiff did not file a trial transcript in support of their Motion for New Trial. Therefore, the Court must rely on its own recollection regarding the testimony presented over the course of more than a week. *See e.g. Jones v. Carswell Property Maintenance, Inc.*, No. 09-22027-CIV, 2012 WL 163025, *6 (11th Cir. Jan. 19, 2012) (stating "Defendants' failure to file the transcript means the Court must rely on its own memory and notes of the trial, . . .")

receive a wage plus tip amount equal to, at least, minimum wage. Thus, there was a legally sufficient basis for a reasonable jury to conclude that the Plaintiff was adequately advised of the tip credit and was permitted to keep his tips, thereby allowing the Defendants to claim the tip credit.

Plaintiff argues because there are no records tracking the tips for the years 2012 and 2013, the evidence to establish the Defendants' right to take the tip credit was insufficient, ECF No. [151] at 2. However, there is no reason that even in the absence of tip cards for the years of 2012 and 2013, the witnesses' testimony on the issue of notice of tip credit was not sufficient for a reasonable jury to rely upon, even that testimony contradicted the testimony of the Plaintiff. Indeed, even though the Plaintiff testified that he was not personally told about the tip credit, based upon the other evidence in the record, the jury was free to not believe the Plaintiff's testimony on this issue. On a Motion for Judgment as a Matter of Law, the undersigned may not weigh the evidence or decide the credibility of the witnesses, and must view the evidence in the light most favorable to the nonmoving party.

Accordingly, based upon the testimony and evidence presented at trial, a reasonable jury could infer and/or believe that the Plaintiff was informed that the Defendants would be using the tip credit towards calculating his wages, beginning in 2012, and thus the jury's verdict was predicated on a legally sufficient evidentiary basis. As such, the Plaintiff is not entitled to judgment as a matter of law on this issue.

Similarly, the Plaintiff is not entitled to a new trial on this issue. In *Rosenfield v. Wellington Leisure Products, Inc.*, 827 F. 2d 1493, 1498 (11th Cir. 1987), the reviewing Court stated the following,

> As we discussed above, there was conflicting testimony on the crucial issues in this case. The jury was called upon to make credibility determinations and to weigh the evidence. It was free to believe or disbelieve portions of testimony, and it could reasonably have chosen to believe plaintiff's evidence

11

>and find that there had been age discrimination. See *Lindsey v. American Cast Iron Pipe Co.*, 772 F.2d 799, 802 (11th Cir. 1985). Whether the trial judge or this court would have reached the same conclusion is irrelevant, as long as there is some support for the jury's decision. We conclude that the district court abused its discretion in finding that the jury verdict in this case was contrary to the great weight of the evidence. Therefore, we hold that the district judge erred in granting a new trial.

As stated above, "[n]ew trials should not be granted on evidentiary [sufficiency] grounds unless, at a minimum, the verdict is against the great—not merely the greater— weight of the evidence." *St. Luke's Cataract & Laser Inst., P.A. v. Sanderson*, 573 F.3d 1186, 1200 n. 16 (11th Cir. 2009) (quotation marks and alteration omitted). The question is whether, in light of the evidence presented, reasonable jurors could reach the same conclusion as the jury did here. *Griffin v. Swim–Tech Corp.*, 722 F.2d 677, 679 n. 1 (11th Cir. 1984); *Quick v. City of Birmingham*, 346 F. App'x 494, 495 (11th Cir. Sept. 25, 2009) (citing *Rosenfield v. Wellington Leisure Prods., Inc.*, 827 F.2d 1493, 1498 (11th Cir. 1987) and stating "Where conflicting testimony is presented and the jury is called upon to make credibility determinations and to weigh the evidence, we will uphold the verdict as long as there is some support for the jury's decision."). Thus, for the same reasons set forth above, the undersigned concludes that the jury's verdict on this issue was not against the clear weight of evidence, and certainly did not result in a miscarriage of justice. Thus, the Plaintiff is not entitled to a new trial on this issue.

>B. The Jury's Determination that the Plaintiff was not owed any overtime pay by the Defendants Was Legally Sufficient and Was Not Against the Great Weight of Evidence

The Plaintiff next argues that he is entitled to judgment as a matter of law and/or a new trial based upon the jury's verdict that he was not owed any overtime wages. Akin to the analysis above related to the tip credit, on this issue, there was legally sufficient evidence in the record for a reasonable jury to conclude that the Plaintiff did not work overtime despite the Plaintiff's testimony. First, there was testimony from other

coworker witnesses that the employee were given one-half hour for lunch, notwithstanding the Plaintiff's testimony that he only took five minutes for lunch. There was no other evidence in the record to support the Plaintiff's claim, other than his own self-serving testimony that he worked overtime. In addition, Defendant Freile disputed that Plaintiff worked overtime after 2015.

Here, although the Plaintiff couches his challenge to the jury verdict regarding whether he was paid overtime due to him in terms of a calculation of the Plaintiff's hourly rate and the amount due to him based on an overtime rate, the essence of the Plaintiff's challenge is actually based upon a credibility determination; whether the jury believed that the Plaintiff worked the number of hours that he testified that he did, or whether the jury determined that Plaintiff's testimony was not credible. If the jury concluded that the Plaintiff did not work overtime hours and thus was not entitled to be paid an overtime rate, then the calculation offered by the Plaintiff in his Motion is irrelevant. Put simply, this case boiled down to credibility determinations; if the jury believed the testimony of the Defendants and other witnesses and did not believe the testimony of the Plaintiff, it had sufficient evidence to find in the Defendants' favor.

The jury again was free to disbelieve the Plaintiff as to whether he worked over-time at all, particularly given that the Plaintiff's testimony regarding the amount he was paid was shown to be inaccurate on cross-examination. In addition, it is worth noting that the jury found against the Plaintiff on his retaliation claims. The court will not second guess the jury on its credibility determinations in this relatively straight-forward case. If the Plaintiff's argument were accepted on this issue, a jury would be required to find in favor of a plaintiff whenever any statement by the claimant was not refuted, even if the jury did not believe the plaintiff. A plaintiff must provide more in order to meet his burden of proof by a preponderance of the evidence, and to permit the Court to override a verdict by the jury. In the case at bar, the jury had ample grounds for determining the

**Plaintiff was not a credible witness, and thus determine that Plaintiff had not established his claims.**

**Thus, for similar reasons to those set forth above, the undersigned concludes that the jury's verdict on the issue of overtime was legally sufficient and was not against the clear weight of evidence, and did not result in a miscarriage of justice.  Thus, the Plaintiff is not entitled to a judgment as a matter of law and is not entitled to a new trial on this issue.**

**V. CONCLUSION**

**Accordingly, for the reasons set forth above, it is**

**ORDERED AND ADJUDGED that the Plaintiff's Renewed Motion for Judgment as a Matter of Law, Notwithstanding the Verdict, and For New Jury Trial is DENIED, ECF No. [147].**

**DONE AND ORDERED in Chambers in Miami-Dade County, Florida, this 28th day of September, 2018.**

_____
**ANDREA M. SIMONTON
CHIEF UNITED STATES MAGISTRATE JUDGE**

**Copies via CM/ECF to:
    All parties of record**